IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JULIAN GARCIA, <br> TDCJ #01182237, <br><br> Plaintiff, <br> VS. <br><br> IRA EVANS, *et al*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 3:16-CV-92 <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Plaintiff Julian Garcia (TDCJ #01182237), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for the reasons that follow.

### I. BACKGROUND

Garcia's civil rights complaint seeks injunctive relief against the various defendants because, he alleges, he was improperly denied parole to an INS detainer (Dkt. 1 at pp. 3–4).

### II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it

determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Garcia, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Garcia proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. THE *HECK* RULE

Garcia seeks injunctive relief under 42 U.S.C. § 1983 for his allegedly unlawful parole denial. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

The *Heck* rule applies to claims like Garcia's, which means that Garcia must show that his continued confinement as a result of the parole denial has been invalidated by a state or federal court. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *Waller v. Collier*, 297 Fed. App'x 326, 327 (5th Cir. 2008). Garcia does

not allege or show that the result of the parole proceeding has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. Absent a showing that the result of the parole proceeding has been invalidated or set aside, the rule in *Heck* precludes Garcia's claims for injunctive relief. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

## IV. ABSOLUTE IMMUNITY

Even if a complaint is barred by *Heck*, it remains appropriate for the district court to consider the possible applicability of the doctrine of absolute immunity. *McGrew*, 47 F.3d at 161; *Waller*, 297 Fed. App'x at 327. Parole board members and hearing officers who personally participate in the "quasi-judicial" activity of revoking parole are absolutely immune from suit, as is the Texas Board of Pardons and Paroles itself. *McGrew*, 47 F.3d at 161; *Hunter v. Rodriguez*, 73 Fed. App'x 768, 769–70 (5th Cir. 2003). Here, Garcia sued the Parole Board itself as well as two individuals, Ira Evans and Lynn Ruzicka, who participated in the decision to deny him parole. Were Garcia's claims for money damages, the Court would dismiss all claims against the defendants with prejudice. However, Garcia only seeks injunctive relief, so his claims will be dismissed without prejudice.[1] *Id.*; *see also Clarke*, 154 F.3d at 191.

---

[1] The Court declines to construe Garcia's claims as habeas claims. Garcia has filed at least one federal habeas petition, *see* Southern District of Texas Case Number 3:16-CV-102, and is clearly familiar with the habeas remedy. It is evident that Garcia would have brought these claims as federal habeas claims had he intended for them to be so characterized. Moreover, Garcia does not allege, and a search of publicly available records does not show, that he has presented these claims to the Texas Court of Criminal Appeals.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Garcia's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. As noted in the opinion, the dismissal is without prejudice.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is also directed to provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas on August 14, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE